IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CASE NO.

**NICOLE SEKOL,**
*individually and on behalf of all
others similarly situated,*

      Plaintiff,

v.

**CONSOLIDATED COMMUNICATIONS OF
ILLINOIS COMPANY, LLC,**

      Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

Plaintiff Nicole Sekol ("Plaintiff") brings this class action against Consolidated Communications of Illinois Company, LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA").

2. To promote its goods, services, and/or properties, Defendant engages in unsolicited calls and continues to solicit consumers after they have opted out of Defendant's solicitations. Defendant also engages in telemarketing without the required policies and procedures, and training of its personnel engaged in telemarketing. Further, to promote its goods, services, and/or properties, Defendant

1

engages in unsolicited text message calls to consumers that have registered their telephone numbers on the National Do Not Call Registry.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the intrusion upon seclusion, invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and members of the Classes. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Classes, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

5. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District like Plaintiff who resides in Lacrosse County, WI and who received the text messages while in this District.

## PARTIES

6. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Lacrosse County, WI.

7. Defendant is a Delaware corporation with its headquarters located in Mattoon, Illinois.

## FACTS

8. On or about December 10, 2025; December 17, 2025, December 31, 2025 and January 7, 2026, Plaintiff replied with a stop instruction to Defendant's text messages as reflected by the following screenshots:





9.      Defendant ignored Plaintiff's requests and continued soliciting Plaintiff, as demonstrated by the following screenshot on at least January 7, 2026; February 4, 2026 and February 18, 2026 and March 4, 2026:



10.     Defendant sent Plaintiff more than one solicitation after Plaintiff's dual opt-out requests.

11.     As demonstrated by the above screenshots, the purpose of Defendant's solicitations was to solicit the sale of consumer goods, services, and/or properties.

12.     Plaintiff reasonably revoked any consent to receive text messages from Defendant, which Defendant could claim to have. Notwithstanding, Defendant continued to send text messages to Plaintiff.

13.     Plaintiff never opted back in to receive text messages from Defendant after her first "stop" request to Defendant.

4

14. As demonstrated by the above screenshots, Defendant does not honor consumer requests to opt-out of solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's solicitations by telling Defendant not to contact him anymore, but Defendant continued to initiate solicitations to Plaintiff.

15. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive calls from Defendant. The precise details regarding its lack of requisite policies and procedures are solely within Defendant's knowledge and control.

16. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

17. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain a standalone do-not-call list. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

18. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative solicitations it sent to Plaintiff as reflected by the fact that Plaintiff made at least one opt-out request and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to initiate solicitations.

19. Defendant sent at least two solicitations after Plaintiff's first opt-out request.

20. Plaintiff is the regular user of the telephone number that received the above solicitations.

21. Plaintiff registered her cellular telephone number on the National Do-Not-Call Registry on or about January 6, 2026.

22. Plaintiff utilizes the cellular telephone that received Defendant's solicitations for personal purposes and the number is Plaintiff's residential telephone line.

23. Upon information and belief, Defendant has access to outbound transmission reports for all calls placed advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each call sent to Plaintiff and the members of the Classes. Defendant also has access to call logs showing Plaintiff's and the Class members' inbound opt-out requests.

24. Defendant's solicitations caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

### PROPOSED CLASS

25. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

26. Plaintiff brings this case on behalf of the classes defined as follows (collectively, the "Classes"):

> **IDNC Class - all persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received two or more text messages within any 12-month period, from or on behalf of Defendant, regarding Defendant's goods or services, to said person's residential telephone number, *after* communicating to Defendant that they did not wish to receive text messages by replying with a "stop" or similar opt-out instruction.**
>
> **DNC Class: All persons in the United States who, within the four years prior to the filing of this action through the date of class certification, (1) were sent more than one text message within any 12-month period; (2) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (3) regarding Defendant's goods or services; (4) to said person's residential cellular telephone number; (5) after**

6

> **making a request to Defendant to not receive further text messages by replying with a "stop" or similar opt-out instruction in response to Defendant's text message(s).**

27. Plaintiff reserves the right to modify the definition of the Classes as warranted as facts are learned in further investigation and discovery.

28. Defendant and its employees or agents are excluded from the Classes.

### NUMEROSITY

29. Plaintiff does not know the exact number of members of the Classes but is informed and believes that there are at least 50 individuals that fall within each class definition given Defendant's use of automated solicitations to solicit consumers and refusal to honor stop requests. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

30. The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery. Identification of the members of the Classes is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

31. There are numerous questions of law and fact common to members of the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant violated 47 C.F.R. § 64.1200(d);

   b) Whether Defendant's conduct was knowing and willful;

   c) Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

   d) Whether Defendant keeps records of text recipients who revoked consent to receive texts.

  e) Whether Defendant has any written policies for maintaining an internal do not call list.

  f) Whether Defendant violated the privacy rights of Plaintiff and members of the class;

  g) Whether Defendant is liable for damages, and the amount of such damages; and

  h) Whether Defendant should be enjoined from such conduct in the future.

32. The common questions in this case are capable of having common answers, and Plaintiff and the members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

33. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

34. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

35. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual class members prosecuting their own separate claims is remote,

and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

36. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

### COUNT I
### VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
**(On Behalf of Plaintiff and the IDNC Class)**

37. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

38. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive

9

calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. A person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) or any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a call is made or an affiliated entity.

39. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

40. Plaintiff and the IDNC Class Members are residential telephone subscribers who received more than one call made for purposes of telemarketing or solicitation purposes from Defendant, who has failed to implement the requisite procedures and personnel training as demonstrated by its failure to honor opt-out requests.

41. Plaintiff and the IDNC Class members made requests to Defendant not to receive solicitations from Defendant.

42. Plaintiff and the IDNC Class Members revoked any consent they may have provided Defendant by responding with "stop" or similar opt-out instructions.

43. Defendant continued to call Plaintiff and the IDNC Class Members to harass them into making purchases from Defendant.

44. Defendant failed to honor Plaintiff's and the IDNC Class members' opt-out requests.

45. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

46. Plaintiff and the IDNC Class members are informed and believe that Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing solicitations.

47. Plaintiff and the IDNC Class members are informed and believe that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

48. Plaintiff and the IDNC Class members are informed and believe that Defendant does not train its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call list.

49. The details and specific facts regarding Defendant's failure to maintain the required policies and procedures, as well as personnel training, are solely within Defendant's knowledge and possession.

50. Defendant has violated 47 C.F.R. § 64.1200(d) by failing to honor opt-out requests, failing to maintain the required policies and procedures, and failing to train its personnel engaged in telemarketing.

51. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the IDNC Class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation.

52. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the IDNC Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation.

**COUNT II**
**VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)**
**(On Behalf of Plaintiff and the DNC Class)**

53. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

54. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

55. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." 47 C.F.R. § 64.1200(e).

56. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

57. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

58. Plaintiff and the DNC Class members made requests to Defendant not to receive solicitations from Defendant.

59. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one telephone solicitation in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

60. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the DNC Class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation.

61. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the DNC Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list;

e) An injunction requiring Defendant to comply with 47 C.F.R. 64.1200(c); and

f) Such further and other relief as the Court deems necessary.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Dated: March 11, 2026

                                                Respectfully submitted,

                                                **EISENBAND LAW, P.A.**

                                                <u>/s/Michael Eisenband</u>
                                                515 E. Las Olas Boulevard, Suite 1301
                                                Ft. Lauderdale, Florida 33301
                                                Michael Eisenband
                                                Florida Bar No. 94235
                                                Email: MEisenband@Eisenbandlaw.com
                                                Telephone: 954.732.2792
                                                *Counsel for Plaintiff and the Class*

                                                *COUNSEL FOR PLAINTIFF*